IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ricky T. Kirkland,<br><br>    Plaintiff,<br>vs.<br><br>Ferring Pharmaceuticals, Inc.,<br><br>    Defendant. | Civil Action No. 3:19-cv-2068-CMC-SVH<br><br>**ORDER** |

Through this action, Plaintiff Ricky T. Kirkland ("Plaintiff") seeks recovery from Defendant Ferring Pharmaceuticals, Inc. ("Defendant") for alleged age discrimination for declining to hire him. The matter is before the court on Defendant's motion for partial dismissal or, in the alternative, to strike portions of the Complaint, and for attorneys' fees and costs incurred in filing the motion. ECF No. 8. Plaintiff filed a response. ECF No. 14.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On November 18, 2019, the Magistrate Judge issued a Report recommending granting Defendant's motion for partial dismissal and Defendant's request for attorneys' fees and costs associated with filing the motion. ECF No. 15. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on December 2, 2019. ECF No. 20. Defendant filed a reply. ECF No. 27.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's Complaint makes multiple references to violations of Title VII of the Civil Rights Act, despite the only cause of action pled as a violation of the Age Discrimination in Employment Act ("ADEA"). ECF No. 1. Therefore, after no response to several requests for a clarifying stipulation from Plaintiff, and informing Plaintiff a response was needed before Defendant's deadline to file a motion under Rule 12(b)(6), Defendant filed its motion to dismiss Title VII claim and to strike portions relating to Title VII claims from the Complaint. ECF No. 8. Plaintiff responded, arguing Defendant's "unnecessary and frivolous motion given Plaintiff's repeated concessions that his sole claim is one for violations of the ADEA" should be denied, and filing an accompanying stipulation that he has not asserted a claim under Title VII. ECF No. 14. The Report recommends granting Defendant's motion to dismiss Plaintiff's Title VII claim, and also recommends granting the request for attorneys' fees and costs associated with filing the motion because it "could have been avoided if Plaintiff's counsel had provided the stipulation attached at ECF No. 14-1 prior to October 30, 2019." ECF No. 15 at 2.

2

Plaintiff objects to the Report, arguing Defendant's Partial Motion to Dismiss was "improper" and "unnecessary . . . as the parties would have eventually resolved their dispute without the Court's intervention." ECF No. 20 at 3. Plaintiff also objects to the recommendation for fees and costs, contending Defendant did not "prevail because Plaintiff only raised one cause of action, which was not dismissed." *Id.*

Defendant replied, arguing its motion could have easily been avoided had Plaintiff responded with a proposed resolution more quickly. ECF No. 27 at 2. Defendant notified Plaintiff of the deadline of October 30 to file a motion under Rule 12 if no stipulation had been reached, yet Plaintiff did not respond until November 13. *Id.*

The court agrees with the Magistrate Judge and with Defendant. Plaintiff's Complaint is rife with mention of Title VII, such that Defendant's request to clarify was reasonable. Defendant reached out to Plaintiff multiple times about the Title VII issue before Defendant's deadline to file a responsive pleading, requesting dismissal or a stipulation limiting Plaintiff's claim to one under the ADEA. See ECF No. 9-2. Defendant put Plaintiff on notice of its intention to move for fees if it was forced to make a motion, yet Plaintiff still did not respond. *Id.* Plaintiff did not respond with such a stipulation until November 13, after the responsive pleading deadline of October 30. Although Plaintiff argues Defendant's motion is unnecessary, and the parties would have "eventually" resolved the dispute without the court's intervention, Defendant could not have known this prior to the deadline for filing a Rule 12(b) motion.

Therefore, after reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties' objections, the court agrees with the

Report and therefore adopts and incorporates it in this Order.  Defendant's motion for partial dismissal (ECF No. 8) is granted and, consistent with the stipulation filed, Plaintiff's Complaint is limited to a claim under the ADEA.  Defendant's request for attorneys' fees and costs associated with the motion for partial dismissal is also granted.  Defendant may submit a petition for reasonable attorneys' fees associated with the motion no later than January 3, 2020.  This matter is re-referred to the Magistrate Judge for further pre-trial proceedings.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
December 18, 2019