IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ricky T. Kirkland, ) | C/A No.: 3:19-2068-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Ferring Pharmaceuticals, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Ricky T. Kirkland ("Plaintiff") filed this action alleging job-related discrimination claims against Ferring Pharmaceuticals, Inc. ("Defendant"). On October 30, 2019, Defendant filed a motion to dismiss references to Title VII claims and requested attorneys' fees for the motion. [ECF No. 8]. On December 18, 2019, the Honorable Cameron McGowan Currie, United States District Judge, granted Defendant's motion for partial dismissal, granted Defendant's request for attorneys' fees and costs associated with the motion, and permitted Defendant to submit a petition for fees by January 3, 2020. [ECF No. 29]. Judge Currie also re-referred this matter to the undersigned for pretrial proceedings. *Id.* This matter is before the court on Defendant's petition for attorneys' fees and costs. [ECF No. 32]. The motion having been fully briefed [ECF Nos. 33 and 34], it is ripe for disposition.

Defendant's petition for attorneys' fees requests $5,944.50 in fees. In determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), the court considers the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *Jackson v. Estelle's Place, LLC*, 391 Fed. App'x 239, 243–44 (4th Cir. 2010).

Although the court must consider all twelve of the factors, it need not rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Serv. News*

*Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir.1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Civ. Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Civ. Rule 54.02(A) (D.S.C.).

Although Defendant did not address the *Barber* factors, the undersigned addresses the factors to the extent the information has been provided. A review of the fees expended shows defense counsel spent 15.6 hours drafting the proposed stipulation of partial dismissal and correspondence to Plaintiff's counsel, as well as the motion itself; 2.3 hours evaluating and considering Plaintiff's response regarding the motion, including correspondence with Plaintiff's counsel; 0.9 hours reviewing and considering the undersigned's report and recommendation ("the Report"); and 4.2 hours drafting a reply to Plaintiff's objections to the Report. [ECF No. 32-1]. The court finds that the questions involved were not difficult and the skills required were not particularly high. It also appears Defendant was balancing the deadline to file an answer and/or motion in response to the complaint with providing Plaintiff's counsel generous time to stipulate.

Defense counsel also achieved the desired results.

Defendant did not address the opportunity costs in pressing the litigation; the customary fee for like work; the attorneys' expectations at the outset of the litigation; the experience, reputation, and ability of the attorneys; the undesirability of the case within the legal community; the nature and length of the professional relationship between attorney and client; or attorneys' fees in similar cases. [ECF No. 32].

As stated in the Report, with which Judge Currie agreed in granting the request for fees, Plaintiff's counsel could have avoided this motion if he had signed the stipulation originally proposed by Defendant.[1] However, the court notes Defendant spent considerable time on a simple legal issue.[2] In addition, Defendant failed to address the important factors of the complexity of the issue and the skill required in its petition for attorneys' fees. After considering all of the *Barber* factors at issue, the undersigned finds a reasonable amount of fees to be 50% of that requested and awards Defendant

---

[1] Similarly, the court rejects Plaintiff's argument that it is not responsible for the attorneys' fees accrued when filing a reply to Plaintiff's objections to the Report. If Plaintiff had not continued to take an unreasonable position in its objections to the Report, Defendant would not have been forced to continue accruing fees. The undersigned interprets the defense of the motion, including a reply to objections to be fees "associated with the motion" pursuant to Judge Currie's order. [ECF No. 29 at 4]

[2] The undersigned notes Judge Currie's order authorized "a petition for reasonable attorneys' fees." [ECF No. 29 at 4].

$2,972.25.

IT IS SO ORDERED.

January 28, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge